IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| William Huang,<br><br>        Plaintiff,<br><br>v.<br><br>Shenzhen Zhaocheng Technology Co., Ltd. et al.,<br><br>        Defendant. | Case No. 25-cv-11411 |

**STATUS REPORT**

Pursuant to the Court's rule on September 23, 2025, Plaintiff's counsel respectfully submits the following status report to advise the Court the logistics of the case.

**A. The case 25-cv-11154 is not a related case of the present case per instruction**

**1. The cover sheet only required report of pending cases**

The civil cover sheet did not appear to require the disclosure of the previously filed case in Section IX, i.e., Related Cases. In the instructions of the civil cover sheet, it is explained as "This section of the JS 44 is used to reference related pending cases, if any." *See* Exhibit 1. The previously filed case, No. 25-cv-11154, was voluntarily dismissed on September 16, 2025, and the case was closed on the same day. *See* Exhibit 2. This instant case was filed on September 22, 2025, nearly a week after the previous case was closed.

Identifying related case could help to save judicial resources by reassigning a later filed case to the calendar of another judge who sits for an earlier-numbered case if certain conditions are met. However, one of the foundations of the reassignment is also that the earlier numbered case is still pending. *See* LR40.4. Related Cases; Reassignment of Cases as Related. In this

situation, the reassignment would not been able to occur since the previous cases was not pending, which mirrors the instruction of the civil cover sheet.

This Court has previously held that if a previously filed case is closed already, it would not be taken as related to a later filed case. In *Magnavox Co. v. APF Elecs., Inc.*, 1977 U.S. Dist. LEXIS 12689, the plaintiff reported a previous case as related case when filing the civil cover sheet, and the case was reassigned to a judge without using the ordinary random assignment system. *Id*. Defendant raised objection, and the court concluded that "the instant suit may not be deemed a 'related case to an earlier numbered' suit … since the earlier case is not now 'pending.'" *Id.*, at 4. In the end, the court ordered to reassign the case by lot among the judges as usual, including the judge of the previous case. *Id.*

In light of this precedent, the closure of the previous case, No. 25-cv-11154, meant there was no ongoing duty to report it as a 'related case' upon the filing of the instant suit. The requirement to report a related-case was to promote efficiency by consolidating active matters before a single judge. This purpose is rendered moot when the earlier case has been terminated, as there is no longer an active proceeding with which to consolidate.

When counsel filed the instant case, there was no pending case to which it was "related," and it was properly assigned through the ordinary random process. The *Magnavox* logic does not support a continuing duty to report a case as related after it has been terminated. We respectfully suggest that requiring parties to report historical closed cases with a factual nexus would impose an unreasonable burden on litigants and create uncertainty in the assignment process. It should be more proper to not report the previous case as a related case, which also follows the cover sheet instructions.

**2. The failure to label the case as previously dismissed or remanded case was inadvertent**

When completing the civil cover sheet, counsel noticed that the section X in regard of previously dismissed or remanded history was not accompanied by specific instructions defining its scope. In the absence of such guidance, counsel interpreted the phrase "dismissed or remanded" in what was believed to be its ordinary legal context – referring to cases formally dismissed by court order, or remanded from a higher court. At the time, the interpretation did not encompass plaintiff's voluntary dismissal, which counsel understood to be a distinct procedural mechanism.

We recognize that this interpretation might be incorrect. The error was made in good faith stemming from a genuine misunderstanding of the form's context, and was not a strategic effort to evade procedural rules. Counsel sincerely apologizes to the Court for this oversight and for any inconvenience it has caused. Upon the Court's bringing this issue to our attention, we have taken immediate steps to ensure that all future submissions will scrupulously comply with the Court's requirements.

**B. The action shall not be labeled as judge shopping**

**1. The case 22-cv-11154 was dismissed in good faith**

The previous voluntary dismissal was not initiated "in order to be before a different judge." Counsel dismissed the previous case with the client's instruction. Federal Rule of Civil Procedure 41(a) authorizes a plaintiff to voluntarily dismiss an action.

The prior dismissal was a tactical decision made in good faith at the client's direction following a reassessment of the litigation strategy. Rule 41(a) provides a clear procedural right for a plaintiff to re-evaluate a case at an early stage. To infer an improper motive from the legitimate use of this rule would, we respectfully submit, undermine the procedural mechanism itself.

It would be inaccurate to characterize the exercise of this procedural right as "judge shopping" merely because the subsequent refiling – through the Court's random assignment process – was allotted to a different judge. The assignment of judges is a neutral, random process but not a result that counsel can control or guarantee. Neither counsel or client had such an intent or ability to exploit the process to yield a certain result.

**2. Judge shopping in the Circuit is different from the situation**

According to the case law history of this Circuit, the so called "judge shopping" is more technic. It often links with recusal and proactive attempts to exclude a certain judge from a case. In *United States v. Phillips*, 2014 U.S. Dist. LEXIS 72682, the defendant brought actions against the judge, prosecutor, law enforcement agents involved, and previous judge assigned to the case. *Id.*, at 4. The recusal sought was noticed to have significant risk of judge-shopping. *Id.* It directly impacted which judge could handle the case and completely removed certain judges. Similarly, in *Sullivan v. Conway, 157 F.3d 1092*, the counsel sought recusal of judge with a declaration claiming prejudice of judge. *Id.*, at 1096. The court pointed out that creating the ground on which to seek recusal of the judge was "arrant judge-shopping." *Id.*

The circumstances here are significantly different. Counsel in this case had not engaged in any tactics to remove a certain judge from the case. Dismissing the entire case was the decision of the client who had own concerns, and even when refiling the case, it was not aiming at to be assigned to a different judge. The procedure is out of control of either the plaintiff or its counsel.

The core action of intentional, strategic manipulation of the judicial assignment process is entirely absent here. The prior voluntary dismissal was a good-faith decision made to address the client's own concerns, not a vehicle to circumvent a particular judge. Upon refiling, the case was subject to the court's standard and randomized assignment procedure, a neutral

mechanism that neither party had any influence. The behavior of intentional manipulation of judicial assignment, as described in *Outley* and *Phillips*, is entirely absent here.

## CONCLUSION

Plaintiff's counsel respectfully submits that he should not be held in contempt of court. The failure to note the prior case on the civil cover sheet was an inadvertent error stemming from a good-faith, though maybe mistaken, interpretation of the form's requirements, and not an attempt to mislead the Court. Counsel sincerely regrets the oversight and any inconvenience it has caused the Court, and he assures the Court of his commitment to strict compliance with all procedural rules going forward.

Furthermore, the voluntary dismissal and refiling of the action constituted a legitimate exercise of the client's procedural rights under FRCP 41(a) and does not meet the legal standard for impermissible judge shopping as in the precedents of this Circuit. The conduct in this issue is distinct from the intentional, manipulative tactics condemned in *Outley* and *Phillips*.

For the foregoing reasons, we respectfully request that the Rule to Show Cause be discharged.

Dated October 1, 2025.

Respectfully submitted
By: /s/ *Huicheng Zhou*
Bar No. 350005
Phone: 909-284-1929
2108 N ST STE #8330
Sacramento, CA 95816
Huicheng.zhou@aliothlaw.com
*Attorney for Plaintiff*